# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.1)
Eastern Division

NBA Properties, Inc.

                        Plaintiff,

v.

                        Case No.:
                        1:24−cv−10160

                        Honorable Lindsay C. Jenkins

The Partnerships and Unincorporated Associations
Identified on Schedule A, et al.

                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, December 19, 2024:

      MINUTE entry before the Honorable Lindsay C. Jenkins: Defendant Yiwu Langjia Trading Co., Ltd.'s motion to dismiss for lack of jurisdiction [38] is denied. Personal jurisdiction may be either general or specific. See Daimler AG v. Bauman, 571 U.S. 117, 12628 (2014), and NBA has established a prima facie case of specific personal jurisdiction over Yiwu Langjia Trading. Defendant's argument against specific personal jurisdiction is that it did not make any actual sales of the allegedly infringing products to Illinois. [Dkt. 38 at 5.] But as NBA points out, the complaint alleges that Defendant holds itself out as willing and able to sell counterfeit products to consumers in Illinois and that it has done so in the past. NBA also explains that in April 2024, Plaintiff's investigator ordered a counterfeit product from Defendant, entered a legitimate Illinois address for shipping, paid for the product, received an order confirmation. [Dkt. 43, 45.] Defendant argues that later in April the order was cancelled and never shipped, but the Court agrees with other decisions in this district that it cannot allow a defendant to avoid this Court's jurisdiction by apparently cancelling the order days after it was placed, particularly given circumstances surrounding described in Plaintiff's declaration. [Dkt. 44, 45.] Defendant's communications surrounding the order are sufficient to show purposeful availment because Defendant was ready, willing, and able to ship products to an Illinois address. NBA Properties, Inc. v. HANWJH, 46 F.4th 614, 624 (7th Cir. 2022) (purposeful direction aimed at Illinois where the defendant established an online storefront, indicated a willingness to sell to Illinois, and fulfilled an order by "intentionally shipping an infringing product to the customer's designated Illinois address.") The remining requirements for personal jurisdiction are also satisfied because the contact at issue relates to this suit and Defendant has taken steps to make its products, including those at issue in this case, available to Illinois customers. As such, it does not offend traditional notions of fair play and substantial justice for Defendant to defend against the claims in this forum. Defendant's answer is due by January 6, 2025. By January 13, 2025, the parties are to jointly propose a fact discovery schedule and if either party wishes to conduct jurisdictional discovery, it should be included in the proposed schedule to occur alongside fact discovery. The motion to stay or extend [41] is denied as moot. Mailed notice. (kp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MANCHESTER UNITED FOOTBALL CLUB LTD.,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>Defendants. | No. 24 CV 5692<br><br>Judge Manish S. Shah |

### MEMORANDUM OPINION AND ORDER

Plaintiff Manchester United Football Club Limited is a soccer club in the English Premier League that owns various trademarks related to the club. It filed this action under the Lanham Act, 15 U.S.C. § 1051, et seq., against the defendants listed in Schedule A of the complaint. Manchester United alleged that these defendants, including defendants Guangzhou DOY Label Co., Shandong Longxiang Textile Co., and Zhuji Dule Textile Co. Ltd., infringed Manchester United's trademarks by selling counterfeit products or using trademarks in connection with the sale of goods to Illinois residents. Defendants Guangzhou DOY Label Co., Shandong Longxiang Textile Co., and Zhuji Dule Textile Co. move to dismiss the complaint for lack of jurisdiction. For the reasons discussed below, the motion is denied.

I.   **Legal Standard**

When a defendant challenges jurisdiction under Federal Rule of Civil Procedure 12(b)(2), "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (citation omitted). Where the decision on jurisdiction is based solely on written materials without an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction over the defendants. *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). If the defendants submit evidence opposing the exercise of jurisdiction, the plaintiffs must also submit affirmative evidence in support of jurisdiction. *Id.* I take as true "all well-pleaded facts alleged in the complaint and resolve any factual disputes in the affidavits in favor of the plaintiff." *Id.* (quoting *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010)).

II.   **Background**

Manchester United Football Club Limited is a professional soccer club in the English Premier League. [1] ¶¶ 3, 5.[1] The club produces, manufactures, and distributes athletic apparel, accessories, and other products. [1] ¶ 6. It owns several federally registered trademarks, including Reg. No. 2,556,390; Reg. No. 2,864,029; Reg. No. 3,214,435; Reg. No. 4,843,291; Reg No. 5,887,591; and Reg. No. 5,899,493.

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from the complaint, [1]; the evidence submitted by the defendants in opposition to the exercise of jurisdiction, [78-1], [78-2], [78-3], [80-1], [80-2], [80-3], [82-1], [82-2], [82-3], [82-4], [82-5]; and the evidence submitted by plaintiff in response and in support of the exercise of jurisdiction, [92], [92-1], [92-2], [92-3], [92-4], [92-5], [92-6], [93], [93-1], [93-2], [93-3], [93-4], [93-5], [93-6], [93-7], [93-8], [93-9], [93-10], and [93-11].

2

[1] ¶ 9. The club incorporates these trademarks in the design of the items it produces. [1] ¶ 9.

Defendants are businesses operating in China. [1] ¶ 16; [78-1] ¶¶ 6–9, 16; [80-1] ¶¶ 6–9, 16; [82-1] ¶¶ 6–9, 16. They all sell products via online storefronts at Alibaba.com. [78-1] ¶¶ 17–18; [80-1] ¶¶ 17–18; [82-1] ¶¶ 17–18.

Defendant Guangzhou has offered for sale custom products including garment accessories, gifts and crafts and bar accessories, packaging and printing products, and printing consumables to primarily business purchasers, using Manchester United registered trademark no. 2,864,029; no. 3,214,435; no. 2,556,390; and no. 5,887,591 on its product listing. [82-1] at 17–18; [93] ¶ 3. Plaintiff's investigator placed an order on April 10, 2024, for a product to be shipped to Illinois. [93] ¶ 6. Plaintiff's investigator received the product. [93] ¶ 6; [93-1] at 6; [93-2]. The product received was not itself infringing. [93-2]. Manchester United has presented evidence that Guangzhou has made sales of at least 108 products to Illinois residents. [93] ¶ 11.

Defendant Shandong Longxiang has offered for sale custom towels to primarily business purchasers, using Manchester United registered trademark no. 2,864,029; no. 3,214,435; no. 5,887,591; and no. 5,899,493 on its product listing. [80-1] ¶ 17–18; [93] ¶ 4. Plaintiff's investigator placed an order on April 13, 2024, for a product to be shipped to Illinois. [93] ¶ 7. Plaintiff's investigator received the product. [93] ¶ 7; [93-4]. The product received was not itself infringing. [93-4]. Manchester United has

3

presented evidence that Shandong Longxiang has made sales of at least 10 products to Illinois residents. [93] ¶ 11.

Defendant Zhuji Dule has offered for sale custom socks to primarily business purchasers, using Manchester United registered trademark no. 2.864,029; no. 4,843,297; no. 5,887,591; no. 2,556,390; and no. 5,899,493 on its product listing. [78-1] ¶¶ 17–18; [93] ¶ 5. Plaintiff's investigator placed an order on April 7, 2024, for a product to be shipped to Illinois. [78-2] at 15; [93] ¶ 8. The investigator paid for the product and received a confirmation email. [93] ¶ 8. On April 17, 2024, Zhuji Dule emailed the investigator to initiate a refund request. [93] ¶ 8; [93-5] at 4. Manchester United also presents evidence that Zhuji Dule had completed at least one sale to an Illinois resident. [93] ¶ 11.

According to Manchester United, a search on Baidu.com (a Chinese search engine equivalent to Google), provides dozens of websites that explain tactics to identify test orders by a rights owner, including known addresses of test orders. [93] ¶ 9. This includes the address of the investigator's firm. [93] ¶ 9.

Manchester United has also provided declarations and supporting materials that show that when opening an online storefront on Alibaba, a seller must affirmatively choose where it will sell and ship products. [92] ¶¶ 3, 5–6, 10. This can include North America, and specifically the United States. [92] ¶ 5, 10. A seller can also choose what currency it accepts, including USD. [92] ¶ 6.

**III. Analysis**

Defendants argue that the court lacks personal jurisdiction over them. In a federal question case, "a federal court has personal jurisdiction over the defendant if

4

either federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Curry*, 949 F.3d at 393 (quoting *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hous. Metroplex*, 623 F.3d 440, 443 (7th Cir. 2010)). Because the Lanham Act does not grant personal jurisdiction, I look to Illinois law to determine whether I can exercise personal jurisdiction over the defendants. *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 620 (7th Cir. 2022).

The Illinois long-arm statute confers personal jurisdiction if "permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c). The Illinois long-arm statute is "coextensive with the Federal Constitution's Due Process Clause." *J.S.T. Corp. v. Foxconn Interconnect Tech. Ltd.*, 965 F.3d 571, 575 (7th Cir. 2020); *see also Mobile Anesthesiologists Chi.*, 623 F.3d at 443 (noting that "there is no operative difference" between the Illinois and United States Constitutions for purposes of limiting personal jurisdiction). The question is whether exercising personal jurisdiction on defendants "comports with the limits imposed by federal due process." *Walden v. Fiore*, 571 U.S. 277, 283 (2014).

Federal due process requires that the defendant have minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted). These "minimum contacts" fall into two categories: "specific" and "general" jurisdiction. *J.S.T. Corp.*, 965 F.3d at 575. General jurisdiction requires the "defendant's connection to the forum" state be "so continuous and systematic as to render [it] essentially at home." *Id.* (quoting *Goodyear Dunlop*

5

*Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Specific jurisdiction is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* (quoting *Goodyear*, 564 U.S. at 919). Manchester United asserts only specific jurisdiction.

Specific jurisdiction "focuses on the sufficiency of the defendant's contacts with the forum that 'also give rise to the liabilities sued on.'" *Curry*, 949 F.3d at 395 (quoting *Int'l Shoe*, 326 U.S. at 317). Specific jurisdiction analyzes the connection between the defendant, the forum, and the underlying controversy. *Id.* The defendant's "suit-related conduct must create a substantial connection with the forum State." *Walden*, 571 U.S. at 284. It is a "defendant-focused" inquiry. *See id.* Jurisdiction is proper when the defendant "take[s] 'some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State.'" *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). The "minimum contacts" analysis requires courts to look at "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Curry*, 949 F.3d at 397 (quoting *Walden*, 571 U.S. at 285). "[I]t is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden*, 571 U.S. at 285. In other words, there must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."

6

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (quoting *Goodyear*, 564 U.S. at 919).

These principles are equally applicable to online sellers. *NBA Props.*, 46 F.4th at 622. Selling items over the internet into the forum state is enough to confer personal jurisdiction. *Id.*; *uBid, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 424, 427–28 (7th Cir. 2022); *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 757–60 (7th Cir. 2010); *Curry*, 949 F.3d at 399–400. "If the defendant exploits the forum market, it is subject to the jurisdiction of the forum." *NBA Prop.*, 46 F.4th at 623. However, courts "should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state." *Hemi Grp.*, 622 F.3d at 760.

There are three elements that must be met for the court to exercise specific jurisdiction: "(1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state, (2) the alleged injury must have arisen from the defendant's forum-related activities, and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Felland v. Clifton,* 682 F.3d 665, 673 (7th Cir. 2012) (citations omitted).

Defendants argue that none of these elements are met.

### A. Purposeful Direction

None of the defendants have a physical presence in Illinois, though this is not a bar to finding sufficient minimum contacts for jurisdiction. *NBA Prop.*, 46 F.4th at

7

624. Creating a website, providing that Illinois residents could purchase products through the website, selling products through third-party websites, sending written confirmation of the sales and including Illinois shipping addresses, and shipping the product to Illinois residents are circumstances sufficient to find a business purposely avails itself of the privilege of conducting business in Illinois. *Id.*; *Curry*, 949 F.3d at 399.

Here, all three defendants have created an online storefront using the third-party retailer Alibaba.com. Through the storefronts, they have asserted a willingness to ship goods to Illinois by affirmatively choosing to ship products to North America and accepting USD as a currency. [92] ¶¶ 3, 5–6, 10. When plaintiff's investigator, an Illinois resident, placed orders, the defendants acknowledged the order with an email confirmation that stated the order and payment had been received. [93-1] at 2; [93-3] at 2–3; [93-5] at 2. Defendants Guangzhou and Shandong Longxiang shipped the products, which were received by plaintiff's investigator. [93-1] at 6; [93-2]; [93-4]. After the plaintiff's investigator had already paid for the order from Zhuji Dule, Zhuji Dule canceled the ordered and initiated a refund request. [93-5] at 4.

Defendants Shandong Longxiang and Guangzhou argue that a single sale does not confer jurisdiction on this court. [80] at 6–7; [82] at 6–7. However, a single sale can be enough to establish personal jurisdiction. *NBA Props.*, 46 F.4th at 624. Here, Shandong Longxiang and Guangzhou placed items for sale on a third-party site, took orders from an Illinois resident, confirmed the orders, and shipped the products. Manchester United has also put forth evidence that Shandong Longxiang and

8

Guangzhou sent multiple products—at least 10 and 108, respectively—to Illinois residents. [93] ¶ 11. This is sufficient to show these defendants purposefully availed themselves of conducting business in Illinois. *Id.*

Defendant Zhuji Dule argues that it made no sales and shipped no infringing items to Illinois, and therefore the court cannot exercise jurisdiction. [78] at 4–5. It cites three cases in support. In *Shenzhen Dejiayun Network Technology Co., Ltd. v. The P'ships and Unincorporated Ass'ns Identified on Schedule A*, No. 21-cv-6607, [143] at 2–3 (N.D. Ill. Feb. 15, 2024), the court found no personal jurisdiction where the defendants submitted a declaration saying that the defendants did not make sales of any infringing products to Illinois, and the plaintiff's only evidence otherwise was inputting the court's address on the defendant's website to demonstrate the defendants stood "ready and willing to ship counterfeit goods" to Illinois. In *Emoji Co. GmbH v. The Individuals, Corps., Ltd. Liab. Cos., P'ships, and Unincorporated Ass'ns Identified on Schedule A*, No. 23-cv-1112, [54] at 1 (N.D. Ill. Sept. 16, 2023), the court found no personal jurisdiction where the defendants did not ship any infringing products and plaintiff did not respond to the motion to dismiss at all. Finally, in *KTM AG v. The Individuals, Corps., Ltd. Liab. Cos., P'ships, and Unincorporated Ass'ns Identified on Schedule A*, No. 20-cv-06743, [177] at 1 (N.D. Ill. Apr. 13, 2022), the court granted the defendant's motion to dismiss for lack of jurisdiction where the plaintiff provided no evidence that the defendants had made "even one sale into the State of Illinois."

Zhuji Dule's own evidence shows that an order was made, Zhuji Dule attempted to communicate with an Illinois resident about the order, and then later Zhuji Dule canceled the order. [78-1] ¶ 21, [78-1] at 6. Manchester United has also provided evidence, unlike the plaintiffs in the cited cases, that show that Zhuji Dule accepted the investigator's order, received payment, and then later issued a refund request. [93] ¶ 8; [15-1] at 117–21; [93-5] at 2–4. Plaintiff has also put forth evidence that Zhuji Dule completed a sale to an Illinois resident. [93] ¶ 11. Through these actions, Zhuji Dule has "asserted a willingness to ship goods to Illinois and established the capacity to do so." *NBA Prop.*, 46 F.4th at 624.

Because the defendants all offered products for sale to, and accepted and confirmed sales for Illinois residents—whether shipped and received or later canceled—Manchester United has made out a prima facie case that each defendant purposefully availed itself of doing business in Illinois.

**B. Relatedness**

The defendants also argue that because the products sent to plaintiff's investigator did not bear any infringing marks, there is no harm to Manchester United due to any activities in Illinois. [80] at 7–8; [82] at 8–9.

However, the Lanham Act bars the "use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark *in connection with the sale, offering for sale, distribution, or advertising* of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a) (emphasis added). It further bars a person from "reproduc[ing], counterfeit[ing], copy[ing], or colorably imitat[ing] a registered mark"

10

and apply the same to "labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or *in connection with the sale, offering for sale, distribution, or advertising* of goods or services." 15 U.S.C. § 1114(1)(b) (emphasis added). An offer to sell an infringing or counterfeit item is itself a violation of the act. *Monster Energy Co. v. Wensheng*, 136 F.Supp.3d 897, 904 (N.D. Ill. 2015); *Levi Strauss & Co. v. Shilon*, 121 F.3d 1309, 1312 (9th Cir. 1997). Moreover, the requirement of relatedness is "met when direct sales from the defendant in the forum state involve the infringing product." *NBA Props.*, 46 F.4th at 625.

Manchester United alleges that each defendant used various registered trademarks in connection with the sale of its products and puts forth evidence showing how the trademarked images were used in the product listing of each defendant. Zhuji Dule's own evidence admits that it "displayed a small product image of socks with the asserted Manchester United trademarks," though says this was accidental. [78-1] ¶ 21. Similarly, Guangzhou's evidence states that it displays the asserted trademarks but argues it "merely illustrates our custom services." [82-1] ¶ 23. The use of Manchester United's trademarks on the product listing of each product is "in connection with" the sale of those products. These listings were made available to Illinois residents, and each defendant accepted orders and payment from an Illinois resident. Manchester United has made a prima facie case that the harm to Manchester United arises from the defendants' activities—the sale and offer for

sale to Illinois residents—of products that attract customers by using Manchester United trademarks on the web listing.

### C. Traditional Notions of Fair Play and Substantial Justice

The defendants also argue that Manchester United cannot show that subjecting these defendants to this court's jurisdiction fosters fair play and substantial justice. The factors relevant to this question are: "'the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies.'" *Felland*, 682 F.3d at 677 (quoting *Burger King Corp.*, 471 U.S. at 477). The defendants argue that the plaintiffs have "lured" the businesses into Illinois to establish personal jurisdiction over them. They cite *Matlin v. Spin Master Corp.*, 921 F.3d 701 (7th Cir. 2019) in support of this argument.

In *Matlin*, the defendants moved to dismiss for lack of jurisdiction where a Virginia defendant refused to pay royalties on nationwide sales of products that the plaintiffs had designed. *Id.* at 703–04. This included at least one sale of a product in Illinois. *Id.* at 704. The Seventh Circuit noted, however, that the injury was not about the sales of the products themselves, but about royalty claims "from a non-party's contractual obligation and the defendants' alleged complicity in supposed fraud committed by that non-party." *Id.* at 707. The underlying contracts included forum selection and choice of law clauses that did not select or choose Illinois. *Id.* And importantly, the defendant's contacts with Illinois came *after* the suit was filed; in

12

fact, the contacts came after the defendant's motion to dismiss for lack of jurisdiction. *Id.* The Seventh Circuit made clear that it could "not allow plaintiffs to base jurisdiction on a contact that did not exist at the time they filed suit." *Id.*

Here, unlike *Matlin*, the suit is based on the conduct that provides jurisdiction—the offer and sale of allegedly infringing products by defendants. There is "no unfairness in making a seller defend a suit in a state where it structures its business to 'easily serve the state's consumers.'" *NBA Props.*, 46 F.4th at 627 (quoting *Curry*, 949 F.3d at 402). The defendants offered to sell, made sales to, and accepted payment from an Illinois resident. They have set up their businesses to allow shipments to Illinois and accept USD. It does not offend traditional notions of fair play and substantial justice for the defendants to be haled into court in this forum.

Defendants also cite *Walden*, 571 U.S. at 284–85, to claim that plaintiff's lawyer is the "only link" to the jurisdiction, and that link cannot be the basis for jurisdiction. But the link is not the plaintiff; it is the use of Manchester United's trademarks in connection with the sale of a product to plaintiff's investigator in Illinois that creates the link. The use of the trademarks by the defendants to sell products to Illinois residents is evidence of defendants' own connection to the forum state.

Finally, Defendants argue that subjecting a Chinese defendant to an Illinois court's jurisdiction is not fair, because there is a heavy burden on the defendants to litigate in Illinois; that Illinois does not have a strong interest in adjudicating this dispute because the companies have no physical presence in the state; and that

13

litigating would not be efficient. There is no doubt a burden on the defendants in litigating here. But the defendants' own activities have opened them up to litigation in this district. *See uBid, Inc.*, 623 F.3d at 433 ("There is no unfairness in requiring GoDaddy to defend that lawsuit in the courts of the state where, through the very activity giving rise to the suit, it continues to gain so much."); *Hemi*, 622 F.3d at 760 ("Hemi wants to have its cake and eat it, too: It wants the benefit of a nationwide business model with none of the exposure."). It is not unfair to litigate this dispute in this forum, where defendants have purposely availed themselves of conducting business in Illinois and are alleged to have used that business to violate the Lanham Act by using trademarks to sell products to Illinois residents.

## IV. Conclusion

Defendants' motions to dismiss for lack of jurisdiction, [78], [80], [82], are denied. Because there was no need to conduct jurisdictional discovery to find jurisdiction proper, Manchester United's motion for jurisdictional discovery, [86], is denied as moot.

ENTER:

　　　　　　　　　　　　　　　　　　　　　　　／s／ Manish S. Shah
　　　　　　　　　　　　　　　　　　　　　　　Manish S. Shah
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Date: December 23, 2024